IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JESSIE WILLIAMS,

                                                              ORDER

                Plaintiff,

                                                     10-cv-21-bbc

     v.

C.O. STANIT, SGT. TRITT, SGT. LENTZ,
SGT. WALLER and L.T. BAEMER,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action for monetary relief brought pursuant to 42 U.S.C. § 1983, plaintiff Jessie Williams contends that defendants C.O. Stanit, Sgt. Tritt, Sgt. Lentz, Sgt. Waller and L.T. Baemer violated his rights under the Eighth Amendment by failing to provide him treatment for his asthma. Plaintiff is proceeding under the <u>in forma pauperis</u> statute, 28 U.S.C. § 1915. In a previous order, I concluded that plaintiff is unable to prepay even a partial payment of the fee for filing this lawsuit.

      Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a

defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). After reviewing the complaint, I conclude that plaintiff may not proceed on his Eighth Amendment claims at this time because his complaint violates Fed. R. Civ. P. 20. Accordingly, I will wait to assess the merits of plaintiff's claims until he remedies the Rule 20 violation.

In his complaint, plaintiff alleges the following facts.

## ALLEGATIONS OF FACT

Plaintiff is an inmate at the Waupun Correctional Institution. On June 16, 2007, plaintiff's inhaler was taken away because he was in court. When he returned to the Waupun Correctional Institution, he asked defendant Stanit for his inhaler. Stanit could not give plaintiff the inhaler because it was not on the medication cart. On June 19, 2007 at approximately 9:00 a.m., plaintiff had an asthma attack in his cell. He pushed the medical button and told defendant Tritt that he was having an asthma attack and needed his inhaler. Tritt told plaintiff that the situation was not a medical emergency. Plaintiff called defendant Lentz and told her that he needed his inhaler. Lentz told plaintiff that she was "doing something." Plaintiff asked other inmates to push the emergency button. No one responded. At 9:50 a.m. plaintiff received his inhaler, but it did not work. He told a

staff member that he needed to see a nurse. The staff member said "ok," but no one came to see plaintiff. At 10:25 a.m., plaintiff pushed the call button and asked when the nurse was coming. Staff responded that they did not know. At 10:59 a.m., a nurse came to see plaintiff.

On another occasion, plaintiff was in his cell when officers arrived to use gas on an inmate nearby. Plaintiff told defendant Waller that he had asthma and could provide paperwork to prove it. Plaintiff asked Waller to move him to a different cell before Waller used gas on the other inmate. Waller refused to move plaintiff. When the officers used the gas, plaintiff had an asthma attack. The attack was painful, immobilizing, caused plaintiff to throw up and made plaintiff "feel like [he] was going to die."

OPINION

Under Rule 20, plaintiff may not include separate claims against separate defendants in a single suit. Plaintiff may join separate claims in a single lawsuit only if they are asserted against the same defendant, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20; George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Applying Rule 20 to this case, plaintiff's claims must be separated into two separate lawsuits, described below.

3

1.  In Lawsuit #1, plaintiff contends that defendants Stanit, Tritt and Lentz violated plaintiff's Eighth Amendment rights by failing to provide an inhaler to treat his asthma attack.

2.  In Lawsuit #2, plaintiff contends that defendant Waller violated plaintiff's Eighth Amendment rights by failing to protect him from serious risk of an asthma attack.

These separate lawsuits involve claims that do not arise out of the same series of transactions or occurrences and do not include the same defendants or subset of defendants as the other claim. Thus, the claims cannot proceed in a single lawsuit and plaintiff will have to decide which claims to pursue. He may do so by submitting a response that identifies which numbered lawsuit (#1 or #2) he wishes to pursue. If plaintiff elects to pursue both lawsuits, he should explain which one he wants to pursue under this case number. The remaining lawsuit will be assigned a separate case number. Because plaintiff has no means to pay an initial partial filing fee, he would not be required to pay an initial partial fee for the second lawsuit. However, if plaintiff does pursue a second lawsuit, plaintiff would be obligated to pay the $350 filing fee at some point. If plaintiff chooses to dismiss the other lawsuit voluntarily, he will not be obligated to pay the $350 for the other lawsuit. In addition, a lawsuit dismissed voluntarily would be dismissed without prejudice, allowing plaintiff to bring it at another time.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not undertaken a full screening of the merits of the claims

raised in the lawsuits identified above. Once plaintiff identifies the suit or suits he wants to continue to litigate, I will screen the individual actions that remain as required under 28 U.S.C. § 1915(e)(2). In addition, plaintiff should know that he could earn a strike for any lawsuit he pursues if any claims in that suit are dismissed for one of the reasons set out in 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that

1. Plaintiff Jessie Williams may have until February 16, 2010 in which to identify for the court the separately numbered lawsuit identified in the body of this opinion on which he wishes to proceed under the number assigned to this case.

2. Plaintiff may have until February 16, 2010, in which to advise the court whether he will prosecute the remaining lawsuit or whether he wishes to withdraw it voluntarily.

3. If, by February 16, 2010, plaintiff fails to respond to this order, I will enter an order dismissing the lawsuit as it presently exists for plaintiff's failure to prosecute.

Entered this 2nd day of February, 2010.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge

5